**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alec Jordan Holtz,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-17-02562-PHX-JAT<br><br>**ORDER** |

    Pending before the Court is the Report and Recommendation ("R&R") from the Magistrate Judge recommending that the Petition for Writ of Habeas Corpus in this case be dismissed because it is barred by the statute of limitations. (Doc. 33). Petitioner and Respondents have objected to this conclusion. (Docs. 34 and 37).

    In their limited answer (Doc. 22 at 10), Respondents argued that the Petition in this case is completely barred by the statute of limitations. Thereafter, Respondents "withdrew" this argument. (Doc. 29). However, in their objections to the R&R, without reference to their answer, or their withdrawal of this argument (beyond footnote 1), Respondents now argue that the Petition is partially barred by the statute of limitations and partially timely. (Doc. 34 at 5).[1] Separately, Petitioner objects to the R&R and argues the Petition is timely.

---

[1] There is a possibility that Respondents have waived this statute of limitations argument via Doc. 29. *See Wood v. Milyard,* 566 U.S. 463, 474 (2012) ("[The State's] decision not to contest the timeliness of Wood's petition did not stem from an "inadvertent error," as did the State's concession in *Day*. *See* 547 U.S., at 211. Rather, the State, after expressing its clear and accurate understanding of the timeliness issue, *see supra*, at 1831 – 1832, deliberately steered the District Court away from the question and towards the merits of Wood's petition.").

(Doc. 37 at 4).

More specifically, the discrepancy in the calculation of the statute of limitations stems from whether Petitioner is entitled to statutorily tolling of the statute of limitations while his Petition for Writ of Certiorari was pending with the United States Supreme Court. The R&R concludes that there is no tolling for this time period, causing the statute of limitations to begin to run on October 23, 2013. (Doc. 33 at 9). Respondents now concede that Petitioner is entitled to tolling for this time period, causing the statute of limitations to begin to run on June 30, 2014. (Doc. 34 at 4). Because all parties agree that the Petition in this case (at least in part) is timely; the Court will reject the R&R and re-refer this case for the preparation of a second R&R.

Prior to re-referring the case, however, the Court will comment on Respondents' argument that the Petition pending before this Court is timely as to only certain claims. Specifically, Respondents argue that Petitioner's statute of limitations to file his habeas petition began running on June 30, 2014. Respondents then concede that Petitioner's second petition for post-conviction relief, filed on July 17, 2014, was "properly filed" such that it tolled the statute of limitations for filing this habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-16 (2005) (discussing when a filing in state court is considered "properly filed"); *see also* 28 U.S.C. § 2244(d)(2).

However, Respondents argue that because the state court ultimately rejected some of the claims in the second post-conviction relief petition as untimely, this Court should deem the federal statute of limitations to have been running since June 30, 2014 on those claims, and consider the federal statute of limitations to have been running since November 15, 2016 (when the second post-conviction relief proceeding concluded in state court) as to the claims the state court considered under Arizona Rule of Criminal Procedure 32.1(e) and (h).[2] Thus, Respondents conclude that two of the claims in the currently pending

---

[2] Generally, under the Arizona state court criminal rules, a defendant must bring all claims in a post-conviction relief petition filed within 30 days of when the defendant's of-right proceeding concludes via issuance of the mandate. (Doc. 34 at 4). Petitioner's second post-conviction relief petition in this case was outside this 30-day requirement because Petitioner did not request a stay in the state court while his Petition for Writ of Certiorari was pending with the United States Supreme Court as is required by Arizona Rule of

habeas petition are timely and all the others are barred by the statute of limitations. (Doc. 34 at 5).

The Court is skeptical that Respondents' approach is a correct reading of *Pace*. First, the Court is aware of no court that has held that statutory tolling is considered on a claim by claim basis. Second, Respondents' approach would have required Petitioner to file his federal habeas petition as to his claims that were untimely under state law while the state court was still considering his second post-conviction relief petition that was "properly filed" as to some claims. Under this approach, Petitioner would have filed a mixed petition because he was still exhausting his "properly filed" claims in state court. Mixed petitions are generally disallowed. *See Rose v. Lundy*, 455 U.S. 509 (1982). Because mixed petitions are generally disallowed, the Court is skeptical of an application of the statute of limitations that would mandate that Petitioner file a mixed petition to preserve certain claims.

28 U.S.C. § 2244(d)(2) states, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Here, Petitioner's second petition for post-conviction relief, which Respondents concede (at least in part) was "properly filed" was "with respect to the pertinent judgment." Therefore, this Court leans towards finding the entire Petition in this case to be timely.[3]

However, at this point, this Court will not rule on waiver (*see* footnote 1) or whether all claims are timely under the statute of limitations without the benefit of full briefing by

---

Criminal Procedure 31.23(b)(2) (2014) (currently Arizona Rule of Criminal Procedure 31.22(e)(1) (2019)). (Doc. 34 at 5). However, there are exceptions to this 30-day requirement including for claims of newly discovered evidence and actual innocence. (Doc. 34 at 5 (citing Arizona Rule of Criminal Procedure 32.1(e) and (h)). Petitioner's second post-conviction relief petition included claims of newly discovered evidence and actual innocence and other claims. (Doc. 33 at 5-6).

[3] If this Court uses the date the state court concluded review of the second post-conviction relief proceeding (November 15, 2016 (Doc. 34 at 5)) and adds the days between the denial of certiorari and the filing of the second post-conviction relief petition (17 days), the October 24, 2017 filing of the amended petition would be timely, regardless of the mailbox rule and/or relation back to the original filing date in this case.

the parties. Thus, the Magistrate Judge, in preparing a second Report and Recommendation, may conclude any way she deems appropriate.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 33) is rejected; the objections (Docs. 34 and 37) are sustained to the limited extent specified herein.

**IT IS FURTHER ORDERED** this matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a Report and Recommendation.

**IT IS FURTHER ORDERED** that the motion for leave to file a Reply (Doc. 40) is denied. The Reply at Doc. 41 is stricken.

Dated this 15th day of March, 2019.

_____
James A. Teilborg
Senior United States District Judge