**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alec Jordan Holtz,<br>　　　　Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>　　　　Respondents. | No. CV-17-02562-PHX-JAT (MHB)<br>**ORDER** |

Pending before the Court is Petitioner's appeal (Doc. 55) of the Magistrate Judge's Order (Doc. 50) denying his renewed motion to amend his petition (Doc. 48).

**I.　　Legal Standard**

When a Magistrate Judge issues a pretrial order, this Court may reconsider the order "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CZV-12-0399-TUC-CKJ, 2014 U.S. Dist. LEXIS 133569, at *10 (D. Ariz. Sept. 23, 2014) (quoting *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1041 (9th Cir. 2010)). The Court will overturn a Magistrate Judge's decision only if it is the result of "clear error." *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Magistrate Judge's decision is "not subject to de novo determination," and the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). In order to find clear error, the Court must have a "definite and firm conviction

that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001).

## II. Claims of Error

Petitioner makes two procedural arguments in this appeal: one under the Local Rules of Civil Procedure and one under the Federal Rules of Civil Procedure. First, Petitioner argues that, under the Local Rules, the Magistrate Judge denied his motion before he had time to Reply. Petitioner argues that waiting for his Reply (which was due June 4, 2019, but not filed until June 17, 2019) would have changed the result because he would have discussed *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006 (9th Cir. 2015) (holding that a stipulation to amend the complaint did not "count" as the amendment as a matter of course under Federal Rule of Civil Procedure Rule 15(a)(1)(B) nor preclude the as a matter of course amendment at a later time). However, this argument is without merit because Petitioner cited to *Ramirez* in his motion to amend (Doc. 48) so citing to it again would not have impacted the decision. Thus, relief on this basis is denied.

Second, Petitioner argues that he should be able to amend his habeas petition "as a matter of course" under Rule 15(a)(1)(B).[1] To reach this result, Petitioner interprets several ambiguous Federal Rules of Civil Procedure in his favor.

One, Petitioner argues that his first amended petition (Doc. 12) should not "count" as his one "as a matter of course" amendment because he amended only because the Court required it. Two, Petitioner seems to argue that Respondents supplementing their first answer/response (Doc. 44) to the habeas petition triggered a new 21 days for his "as a matter of course" amendment because he never "used up" his "as a matter of course" amendment previously. Three, Petitioner impliedly argues that while the Court requiring him to amend his petition cannot "count" against him under Rule 15 (i.e. count as his "as a matter of course" amendment), the Court requiring Respondents to supplement their answer should count against them under Rule 15 for purposes of triggering a new 21 days

---

[1] Rule 15(a)(1)(B) states, "[A party may amend its pleading once as a matter of course within:] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after a motion under 12(b), (e), or (f), whichever is earlier." Notably the Rule does not include or exclude service of an amended responsive pleading.

- 2 -

for Petitioner to "use up" his "as a matter of course" amendment.

### III. "Responsive Pleading"

Preliminarily, the Court notes that some courts have held that habeas petitions are not subject to Rule 15(a)(1)(B). *See Ramos v. Poore*, No. 3:15-CV-518 (VAB), 2017 WL 1362017, at *2 (D. Conn. Apr. 11, 2017) ("Those types of pleadings to which a responsive pleading is not required include an answer to a complaint and a habeas petition. *See Argraves v. United States*, No. 3:1 l-CV-1421, 2013 WL 1856527 at *2 (D. Conn. May 2, 2013) (applying Rule 15(a)(1)(A) to request for leave to amend habeas petition and finding 'Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required.'"); *compare* Rule 5(a) of the Rules Governing 2254 Proceedings ("[t]he respondent is not required to answer the petition unless a judge so orders") *with* Federal Rule of Civil Procedure 12(a) (requiring a defendant to serve a responsive pleading without any order of the Court).

To be sure, the Ninth Circuit Court of Appeals has held that Rule 15 as a whole applies to habeas cases. *James v. Giles*, 221 F.3d 1074, 1077–78 (9th Cir. 2000); *see also* 28 U.S.C. § 2242. However, this Court has not located a case wherein the Court of Appeals specifically addressed whether a "responsive pleading" is filed in habeas cases such that the 21-day amendment as a matter of course portion of Rule 15(a)(1)(B) is ever triggered. Nonetheless, for purposes of this Order, this Court has assumed Rule 15 applies in its entirety. *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 n.5 (9th Cir. 2005).

### IV. Amendment as a Matter of Course

One, the Court disagrees that Petitioner amending his Petition by sua sponte Court Order does not "count" as his as a matter of course amendment. In the case on which Petitioner relies, *Ramirez*, the complaint was amended the first time by stipulation of the parties and therefore did not "count" as an amendment as a matter of course under Rule 15(a)(1)(B). 806 F.3d at 1006. Here, the Court sua sponte gave Petitioner an opportunity to amend because his Petition was unwieldy and inconsistent with Rule 8. (Doc. 9 at 2). Specifically, this Court is required to review habeas petitions forthwith after they are filed.

Doc. 9 at 2, n.1.[2] Here, the Court discharged that duty and sua sponte ordered Petitioner to amend. (Doc. 9). This Court interprets "with the Court's leave" as used in Federal Rule of Civil Procedure 15(a)(2) as anticipating a request from the plaintiff; not a statutorily mandated screening function. In other words, the Court did not really give Petitioner "leave" to amend, as he correctly points out he never requested such leave, but instead ordered him to amend or his case would be dismissed. This sua sponte requirement of amendment seems to this Court to "count" as the one-time amendment as a matter of course. Therefore, this Court overrules Petitioner's objection that he should be permitted to amend because he has preserved his as a matter of course amendment opportunity by filing a deficient petition originally that the Court was forced to dismiss upon screening.

Moreover, another distinguishing factor between *Ramirez* and this case is that *Ramirez* was a civil case subject to a Rule 16 order. Thus, for purposes of managing its docket, the district court in *Ramirez* could have set a deadline for amending the complaint.[3] Conversely, habeas cases are not governed by a Rule 16 scheduling order which would make Rule 15, by Petitioner's interpretation, temporally limitless. Specifically, in this case, Petitioner claims his 21 days for his as a matter of course amendment expired May 14,

---

[2] [28 U.S.C.] Section 2243 provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

Rule 4 [of the Rules Governing 2254 Proceedings] provides, in relevant part:

> The clerk must promptly forward the petition to a judge . . . , and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Doc. 9 at 2, n.1. The fact that 28 U.S.C. § 2243 requires Respondents to "show cause" why the writ should not be granted is further support for the *Ramos* court's conclusion that habeas petitions do not call for a "responsive pleading" as the term is used in Rule 15.

[3] Indeed, Federal Rule of Civil Procedure 16(b)(3)(A) *requires* the Court to set a deadline for amending the pleadings.

2019, almost two years after he filed his original petition. The Court finds two years to be inconsistent with the intent of Rule 15's strict 21-day deadline.

Two, on the facts of this case, Respondents did not "amend" their response to the habeas petition. Thus, even assuming an amended answer revives and retriggers a new 21 days to amend the complaint under Rule 15,[4] here Respondents supplemented and expanded their "limited" answer after this Court's ruling on their statute of limitations argument. (Doc. 44). Thus, the Court finds no "amended" answer was ever filed in this case that could have triggered a new 21 days to file a second amended petition under Rule 15(a)(1)(B).

Further, to the extent Rule 15(a)(1)(B) allows a new 21 days for a not previously used amendment as a matter of course any time an amended responsive pleading is filed, Rule 15(a)(1)(B) anticipates that such amended "responsive pleading" would be in response to an amended pleading. Here, no amended pleading was filed. Thus, the initial requirement of Rule 15(a)(1)(B) of a "pleading" that calls for a "responsive pleading" did not occur in this case before Respondents supplemented their response (Doc. 44). In other words, even if Respondents' supplement (Doc. 44) could be deemed to be an amended responsive pleading, and assuming that an amended responsive pleading triggers a new 21 days, here, there was technically not a "responsive pleading" because Respondents' filing (Doc. 44) was not responding to a pleading as anticipated by Rule 15(a)(1)(B).

Additionally, allowing amendments to habeas petitions so late in the case also implicates the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act. *See Paris v. Neotti*, No. 10-CV-1586 JLS, 2013 WL 5322708, at *9 (S.D. Cal. Sept. 20, 2013) ("'the Rule 15 relation back provision is to be strictly construed in the habeas corpus context.' *Williams v. Harrison,* No. 05CV2150–J (CAB), 2007 WL 1110910, at *5 (S.D. Cal. Mar.28, 2007) (Jones, J.) (citing *United States v. Ciampi,* 419 F.3d 20, 23 (1st Cir.2005)); *see also Mayle,* 545 U.S. at 657."). Here, an amendment that

---

[4] *See Duncan v. Liberty Mut. Ins. Co.,* No. 16-CV-12570, 2016 WL 9223846, at *1 (E.D. Mich. Sept. 28, 2016) (interpreting *Ramirez* as giving Plaintiff a new 21 days to file a second amended complaint after an answer to a first amended complaint was filed).

- 5 -

raised any new claims (the Court will discuss below Petitioner's argument that he is not raising new claims) would likely have to be dismissed as barred by the statute of limitations. Such a result would cause an extreme inefficiently in this case where the Court has already ruled on the statute of limitations issue. (Docs. 33 and 42). Thus, this practical result, *i.e.* that Respondents were required to supplement their answer only a result of this Court ruling on the statute of limitations issue, is further support for the *Ramos* Court's conclusion that habeas petitions do not call for a "responsive pleading" as the term is used in Rule 15.

Further, it is important to note that because this is a habeas case, as opposed to a standard civil case, Petitioner was permitted the opportunity to Reply to the Supplemental Response and did in fact file a Reply (Docs. 52 and 53). *See* Rule 5(e) of the Rules Governing 2254 Proceedings. Thus, to the extent Petitioner's first amended Petition or Petitioner's Reply (Doc. 23) to the original Limited Response (Doc. 22) did not address items raised in the Supplemental Response (Doc. 44), Petitioner did not need to amend his Petition to address them, unlike a standard civil case. Accordingly, the fact that a "reply" is permitted in a habeas case is further support for the *Ramos* Court's conclusion that habeas petitions do not call for a "responsive pleading" as the term is used in Rule 15.

Three, as noted above, Petitioner and Respondents find themselves in the same procedural posture in that Petitioner amended his Petition because the Court required it (Doc. 9) and Respondents Supplemented their answer because the Court required it (Doc. 43). Petitioner seeks to have these events treated differently for purposes of Rule 15. Specifically, Petitioner argues that Court ordered amendments are not voluntary acts by Petitioner such that they count against Petitioner for purposes of his as a matter of course amendment. However, Petitioner argues that Court ordered supplemented or amended answers are voluntary acts by Respondents such that they do count in favor of Petitioner for purposes of triggering a new 21 days to amend the petition. While Rule 15 is admittedly silent on this point, the Court will not interpret the Rule so favorably to one party over the other. Thus, on the facts of this case, the Court finds Petitioner's May 14, 2019 renewed

motion to amend (Doc. 48) is not an as a matter of course amendment to his habeas petition.

## V. Amendment by Leave of Court

Finally, although Petitioner's motion to amend sought to amend as a matter of right, or alternatively with leave of Court, Petitioner does not object and appeal to this Court the denial of his motion to amend under Federal Rule of Civil Procedure 15(a)(2). Nonetheless, the Court notes that any such amendment, regardless of what section it was made under, would be futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (a court may deny a motion to amend if it is made in bad faith, there was undue delay, prejudice would result to the opposing party, amendment would be futile, or amendment would delay the proceeding). Specifically, in his renewed motion to amend, Petitioner states,

> … the proposed Amendment does not substantively alter the original amendment but seeks to simply add citations to the exhibits filed in this case. … While it does correct some minor spelling and grammar errors, and adds an alternative title for Ground 2, it does not contain any new factual errors. Further, it does not present any new grounds for relief.

(Doc. 48 at 2).

Taking Petitioner at his word regarding what changes he seeks to make, there is no reason these issues could not have been addressed in his Reply (Doc. 52). Thus, the amendment would be futile in that it does not accomplish anything. Further to the extent it raises any issues that might be barred by the statute of limitations, those claims would be futile and the Court having to revisit that issue would delay these proceedings. Accordingly, although the appeal did not seem to object the denial of leave to amend under Rule 15(a)(2), to the extent it could be construed as an appeal of the denial of leave to amend in its entirety, the Court finds there was no error in denying leave to amend.

///

///

///

///

///

### VI. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Appeal (Doc. 55) is denied; the decision of the Magistrate Judge (Doc. 50) is affirmed.

Dated this 27th day of August, 2019.

James A. Teilborg
Senior United States District Judge