WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alec Jordan Holtz,<br><br>    Petitioner,<br><br>v.<br><br>Mark Brnovich, et al.,<br><br>    Respondents. | No. CV-17-02562-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. In his Petition, Petitioner seeks to be released from his guilty plea and return to state court for trial. As a result of his plea agreement, Petitioner was sentenced to 24 years on count 1 and lifetime probation on his other two counts. (Doc. 57 at 5). If Petitioner is successful in this case, and returns to state court for trial, he will be facing a potential sentence of two consecutive life imprisonment terms on the sexual-conduct-with-a-minor charges and two mandatory consecutive terms of ten to twenty-four years on the kidnapping and child molestation counts. (Doc. 57 at 24).

The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition in this case be denied. (Doc. 57). Petitioner filed objections. (Doc. 60). Respondents replied to those objections. (Doc. 68). Thereafter, Petitioner filed notices of supplemental authority and a motion to strike.

**I.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Accordingly, the Court will review the portions of the R&R to which there is an objection de novo.

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## II. FACTUAL BACKGROUND

The Report and Recommendation ("R&R") recounted the factual background of Petitioner's convictions at Doc. 57 pages 2–11. As Petitioner notes, this background

---

[1] In applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin*, 549 U.S. 70, 74 (2006).

- 2 -

largely relies on the findings by the state courts. Because Petitioner "disagrees" with the state court, Petitioner objects to them "in their entirety". (Doc. 60 at 2).

Global or general objections are insufficient to cause the Court to engage in a de novo review of an R&R. *See Kenniston v. McDonald*, No. 15-CV-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) ("'When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review.' Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection. *See Mario v. P & C Food Markets*, Inc., 313 F.3d 758, 766 (2d Cir. 2002)."). In this case, some of this background, like the date of the conviction or the length of the sentence, are undisputable; accordingly, Petitioner's global objection is disingenuous. Moreover, Respondents correctly note in their Reply to Petitioner's Objection that the R&R was correct to defer to the state court's findings of fact. (Doc. 68 at 2 quoting 28 U.S.C. § 2254(e)(1)). Thus, this global objection is overruled.

Petitioner also makes two specific objections. One specific objection is that the facts do not support that he signed his typewritten confession. (Doc. 60 at 4). Petitioner's objection in this regard is so belied by the record, it is overruled. Moreover, because the typewritten confession is a summary of Petitioner's recorded video confession, whether Petitioner signed the typewritten confession would not change the existence of the video confession. Finally, as will be discussed below, because Petitioner pled guilty, any pre-plea factual disputes are waived. Thus, the Court finds first, no error in the R&R's recounting of the facts regarding Petitioner signing the typewritten confession, and second, that any error in this regard does not change the outcome of this case. Accordingly, this objection is overruled.

Second, Petitioner objects to any use of the presentence report. (Doc. 60 at 4 (citing a seemingly non-existent case)). As Respondents note in their Reply, there is no error in a court considering a presentence report. (Doc. 68 at 3). Thus, this objection is also

overruled.

All objections having been overruled, the Court accepts and adopts the factual background as recounted in the R&R. (Doc. 57 at 2-11).

### III. HABEAS PETITION

The R&R recounts that Petitioner raises 6 claims for relief in his habeas petition (Doc. 57 at 12); however, most claims have numerous subparts (*see e.g.* Doc. 57 at 17-19 noting that Petitioner argues 16 different factual theories of claim 1). The R&R recommended that relief be denied in this case for primarily for two reasons: 1) by pleading guilty, Petitioner waived any pre-plea errors under *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); or 2) the state court's determination of an issue was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts.[2]

#### A. State Court Decision

The R&R determined that the state court's determinations on claim 2 (that Petitioner's plea was knowing and voluntary), claim 3 subpart 1 (that Petitioner was competent to plead guilty), claim 3, subparts 2 and 3 (that Petitioner's counsel was not ineffective), claim 4, subpart 2 (that Petitioner's plea was not coerced), claim 5 (that post-conviction relief counsel was not ineffective), and claim 6 (that Petitioner's claim of actual innocence under Arizona Rule of Criminal Procedure 32.1(f) failed) were not contrary to or an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts. (Doc. 57 at 23-31).

In Petitioner's 40 pages of objections, his primary argument is that he disputes the state court's factual findings. To this end, Petitioner spends numerous pages attempting to recast the facts in a different way that he believes would show he is not guilty. Specifically,

---
[2] With respect to one claim, the R&R concluded that the Ninth Circuit has not recognized a free-standing actual innocence claim (Doc. 57 at 30), but alternatively concluded that the state court's determination on this claim was not factually unreasonable nor was its application of federal law unreasonable (Doc. 57 at 31). The Court accepts and adopts both of these determinations. To the extent Petitioner's general recasting of the facts as discussed more fully below was intended to be an objection to the actual innocence determination, those objections are overruled.

- 4 -

Petitioner reargues established facts in his objections. (*See e.g.* Doc. 60 at pages 14-19, 30-31 and 33-36).

Contrary to Petitioner's assertions, it was appropriate for the R&R to presume the correctness of the state court's factual findings. *See* 28 U.S.C. § 2254(d)(2); *Murray v. Schriro*, 745 F.3d 984, 998-99 (9th Cir. 2014). This Court has reviewed the entire record and Petitioner's arguments de novo and agrees with the R&R that the state court's factual findings were not unreasonable. Accordingly, all of Petitioner's objections that merely reargue the facts are overruled.

Beyond Petitioner's attempt to recast the facts of this case in a way he believes make him less guilty, Petitioner makes one legal argument: that his plea was not knowingly and voluntarily entered. Petitioner's primary argument in this regard is that he never actually pled guilty. (Doc. 60 at 20, citing Doc. 34-1 at 12-24 (ECF page numbers)). Petitioner complains that he never specifically, expressly changed his plea to guilty. However, the Judge went over the plea at length with Petitioner after confirming Petitioner was in court that day to plead guilty. (Doc. 34-1 at 15-17). Petitioner stated that he initialed all the boxes on the plea agreement and that his lawyer explained the plea agreement to him. (*Id.* at 18, lines 4-11). Petitioner confirmed he signed the plea agreement. (*Id.* at 18, lines 12-17). Petitioner confirmed that he signed the plea agreement voluntarily without anyone forcing him, coercing him or threatening him. (*Id.* at 18-23). Petitioner's lawyer explained the factual basis underlying his plea (*id.* at 1-12), and Petitioner confirmed that what his lawyer said was exactly what happened (*id.* at 13-15). On this record, the Court finds the colloquy that occurred was sufficient for Petitioner to pled guilty.

On similar facts, that Court of Appeals has stated,

> First, the district court did not violate Rule 11 by failing to elicit from Mason the precise words "I plead guilty." Mason answered "yes" when the court asked him if he understood what he was doing and if he was "pleading guilty freely and voluntarily." He answered "no" when the court asked him if he had been forced to "plead guilty." He also admitted that he committed the crime. Mason did not express any reluctance or confusion about his guilty plea. Under these circumstances, Rule 11 did not require the district court to ask Mason personally at the end of the hearing, "How do you plead?".

- 5 -

*United States v. Mason*, 38 F. App'x 458, 459 (9th Cir. 2002).

Here, Arizona Rules of Criminal Procedure 17.2(a), 17.3, and 17.4(c) similarly contains no precise formulation of the language required for a defendant to plead guilty. Every element of the colloquy required under the Arizona Rules of Criminal Procedure were met in this case. Accordingly, Petitioner's fact-based objection that he never pled guilty is overruled. All of Petitioner's objections having been overruled, the Court accepts the R&R on claim 2, claim 3 (subparts 1, 2, and 3), claim 4 (subpart 2), claim 5, and claim 6; relief on these claims is denied.

### B. *Tollett* waiver

The R&R concludes that claim 1 (alleged prosecutorial and law enforcement misconduct), subpart 4 of claim 3 (allegations that the state withheld exculpatory evidence and falsified evidence), and the first sub-part of claim 4 (alleging ineffective assistance of counsel) were all waived when Petitioner pled guilty. As the R&R recounts, *Tollett* and its progeny hold that a voluntary and intelligent plea waives certain claims that may have occurred prior to the plea. Specifically,

> "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988). This rule "is predicated on the idea that a valid guilty plea removes the issue of factual guilt from the case." *Lemke v. Ryan*, 719 F.3d 1093, 1097 (9th Cir. 2013) (citation and internal quotations omitted).

(Doc. 57 at 12).

As discussed above with respect to claim 2, the plea in this case was knowingly and voluntarily entered into by Petitioner. Therefore, *Tollett*'s waiver of certain pre-plea claims applies.

In his objections, Petitioner argues that the R&R misreads *Tollett*. (Doc. 60 at 6). Specifically, Petitioner argues that *Premo v. Moore*, 562 U.S. 115 (2011), overruled *Tollett* with respect to claims of ineffective assistance of counsel at the minimum with respect to counsel's failure to bring a motion to suppress. (Doc. 60 at 24). Petitioner argues that he

- 6 -

wanted his lawyer to bring a motion to suppress his confession. (Doc. 60 at 27).

Before turning to Petitioner's *Premo* argument, the Court first accepts the R&R's recommendation that this Court finds that claim 1 and subpart 4 of claim 3 were waived under *Tollett* when Petitioner pleaded guilty. Relief on those claims is denied.

With respect to *Premo*, the Supreme Court addressed whether counsel was ineffective for engaging in plea negotiations before making an effort to suppress a confession. 562 U.S. at 123-24. The Ninth Circuit Court of Appeals has held,

> *Tollett*, properly understood, provides that although freestanding constitutional claims are unavailable to habeas petitioners who plead guilty, claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead. *See Tollett*, 411 U.S. at 267–69; *see also United States v. Broce*, 488 U.S. 563, 574 (1989) (suggesting that a "failure by counsel to provide advice [on a double jeopardy defense] may form the basis of a claim of ineffective assistance of counsel" and could "serve as the predicate for setting aside a valid plea."); *McMann v. Richardson*, 397 U.S. 759, 772 (1970) (stating that "a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney").
>
> The scope of the *Tollett* exception may be seen in *Tollett* itself. The Supreme Court held in *Tollett* that a defendant who had pleaded guilty could not obtain habeas relief "by proving only that" blacks were unconstitutionally excluded from his grand jury. *Tollett*, 411 U.S. at 260. But rather than dismiss the claim, the Supreme Court remanded to allow the lower court to determine in the first instance whether counsel's failure to investigate or object to the grand jury composition constituted ineffective assistance of counsel. *Id.* at 268–70.
>
> Consistent with this interpretation of the *Tollett* exception, many courts, including the Supreme Court, have analyzed on the merits a habeas petitioner's allegation that his counsel rendered pre-plea ineffective assistance by failing to file a motion to suppress. *See Premo v. Moore*, 562 U.S. 115, 123–32 (2011); *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348–50 (11th Cir. 2015); *Lynch v. Sec'y, Fla. Dep't of Corr.*, 776 F.3d 1209, 1219–20 (11th Cir. 2015); *Gilbert v. Merchant*, 488 F.3d 780, 790–95 (7th Cir. 2007); *Weaver v. Palmateer*, 455 F.3d 958, 972 (9th Cir. 2006); *Ward v. Dretke*, 420 F.3d 479, 487–90 (5th Cir. 2005); *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1996); *Hale v. Lockhart*, 903 F.2d 545, 550 (8th Cir. 1990); *Adcox v. O'Brien*, 899 F.2d 735, 737 (8th Cir. 1990).

*Mahrt v. Beard*, 849 F.3d 1164, 1170–71 (9th Cir. 2017).

Assuming Petitioner's ineffective assistance of counsel claim premised on Petitioner's objection that his counsel should have filed a motion to suppress his

confessions and that such a motion to suppress would have changed Petitioner's decision to pled guilty survives the *Tollett* waiver, it fails on the merits. Specifically, the state court's decision that counsel was not ineffective for not filing a suppression motion was not contrary to or an unreasonable application of clearly established federal law. (Doc. 57 at 26). Petitioner's theory that his signature on the typewritten confession was forged (of which there is no factual evidence), even if true, would not be prejudicial under *Strickland*,[3] because Petitioner's interrogation and confession was also videotaped and witnessed by the officers who could testify as to what Petitioner said. (Doc. 1 at 22, 37; Doc. 57 at 24). Additionally, Petitioner also made admissions to the polygraph examiner. (Doc. 57 at 5). Thus, counsel actions in failing to file a motion to suppress the typewritten confession, which even if granted would have had no bearing on the admissibility of the video confession, did not fall below an objective standard of reasonableness nor prejudice Petitioner.[4] The state court's decision on this point was not contrary to or an unreasonable application of federal law. To the extent Petitioner continues to argue the state court never decided this claim, (Doc. 60 at 27), alternatively the Court denies this claim on the merits.

---

[3] Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a plea agreement, Petitioner, "must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[4] Moreover, beyond Petitioner's multiple confessions to having twice penetrated the toddler with his finger, there was other overwhelming evidence of his guilt, making any motion to suppress his confession futile. (*See* Doc. 68 at 16-17 (Petitioner was found in possession of the toddler who had been missing for at least 18 hours, an eyewitness placed him at the laundromat from which she was taken, he never contacted police or told his Aunt that he was in possession of the toddler in the interim, he revealed to police that the toddler was in his bedroom only after police showed him her picture and asked if he had seen her and his semen was found on a diaper in his bedroom); Doc. 57 at 19-20 (Petitioner also made inconsistent statements to law enforcement and had pictures of the toddler in various states of undress on his phone)); *see Rupe v. Wood,* 93 F.3d 1434, 1445 (9th Cir. 1996) (counsel's failure to take a futile act is not deficient performance).

*See* 28 U.S.C. § 2254(b)(2).

Petitioner also might be arguing that his attorney should have filed a motion to suppress his confessions on competency grounds. (Doc. 60 at 29-30). (In reality, Petitioner appears to just be re-arguing the medical evaluations, which is a fact-based objection belied by the record, and overruled for the reasons stated above). First, the state court's reliance on the medical expert's opinions that Petitioner was competent was not contrary to or an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts. (Doc. 57 at 21-22, citing Doc. 44-1 at 13-14, ("The examining psychologist performed various intelligence and competency tests, and found it likely that Petitioner had the capacity to comprehend his circumstance and assist his counsel, but that it was 'quite apparent that [Petitioner] was malingering.'"). Second, counsel's failure to move to suppress Petitioner's confessions on competency grounds did not amount to deficient performance due to the medical evidence that belied Petitioner's claimed confusion surrounding his interrogation or prejudice due to the other overwhelming evidence of Petitioner's guilt as recounted in footnote 4 herein.

Thus, based on the foregoing, assuming Petitioner's ineffective assistance of counsel claim premised on counsel's failure to file a suppression motion survives *Tollett*, Petitioner's objections on the merits are overruled and relief on this claim is denied.

### C. Additional Global Objection

Finally, in his objections, Petitioner states that he had "dozens" of other issues in his Petition that were not addressed by the R&R. (Doc. 60 at 28). As discussed above, this type of global or general objection, without specifics, does not trigger this Court's duty to conduct a de novo review of whatever "dozens" of other issues Petitioner claims exist. *See Kenniston*, 2019 WL 2579965, at *7. Therefore, this objection is overruled.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 57) is accepted; the objections (Doc. 60) are overruled to the extent specified above; the Petition is denied and

- 9 -

dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the motion to strike (Doc. 71) is denied.[5]

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 13th day of April, 2020.

*[signature]*
James A. Teilborg
Senior United States District Judge

---

[5] Petitioner seeks to strike Respondent's Reply to his Objections on the grounds that he disagrees with the Reply factually and legally. These arguments are all subsumed in the R&R, Objections and Reply themselves; moreover, such disagreement is not a basis to strike the document.